NO. 29456

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TARA THOMAS, Plaintiff-Appellant,
v.
GRANT K. KIDANI, Defendant-Appellee,
and
DOES 1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-0459)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

In this legal malpractice case, Plaintiff-Appellant
Tara Thomas (Tara) appeals from the Judgment filed on November 3,
2008 in the Circuit Court of the First Circuit (circuit court).[1]
The Judgment was issued pursuant to the circuit court's "Order
Granting Defendant Grant K. Kidani's Motion for Summary Judgment
Filed on December 11, 2007" (Order Granting Kidani's MSJ), filed
on July 14, 2008, and "Order Granting in Part and Denying in Part
Defendant Grant K. Kidani's Motion for Award of Attorneys' Fees
and Costs Filed on July 29, 2008," filed on October 7, 2008.  The
circuit court entered judgment in favor of Grant K. Kidani
(Kidani) and against Tara and awarded Kidani $135,429.10 in
attorneys' fees and costs.

On appeal, Tara contends the circuit court erred in
granting Kidani's Motion for Summary Judgment (Kidani's MSJ),
filed on December 11, 2007, when the court erroneously found in
the Order Granting Kidani's MSJ that

_____

[1]  The Honorable Bert I. Ayabe presided.

(1)    "[Kidani] did attempt to argue that the realtor was [Tara's] sole agent and/or fiduciary; however, the trial court[2] did not accept this interpretation of the facts";

(2)    "The DROA [Deposit Receipt Offer and Acceptance] for the transaction stated that the realtor represented the seller and not [Tara] for the sale and the court precluded [Kidani] from presenting evidence regarding the issues of fiduciary duty and dual representation";

(3)    "As to the Third Cause of Action, there are no genuine issues of material fact in dispute over whether [Kidani] engaged in fraudulent billing.  No evidence was presented to show that [Kidani's] conduct was fraudulent and therefore, the motion is granted as to the Third Cause of Action"; and

(4)    "As to the claim for punitive damages, there are no genuine issues of material fact in dispute over whether punitive damages are warranted.  No evidence has been presented to indicate that [Kidani's] conduct was wanton, oppressive, or malicious."

Tara also argues that the circuit court's award of attorneys' fees to Kidani was improper because it was brought on motion before the court entered its judgment and not renewed afterward.

Tara requests that we reverse (1) the Order Granting Kidani's MSJ as to (a) Kidani's "legal malpractice relating to his failure to request fiduciary fraud, jury instructions, special verdict questions and advantageous legal positions on statute of limitations and on burden shift"; (b) Kidani's fraudulent billing; and (c) Tara's request for punitive damages; and (2) the circuit court's award of attorneys' fees to Kidani.

---

[2]    The underlying civil case wherein Tara was represented by Kidani was <u>Tara C. Thomas v. Ricardo Barbati, et al.</u> (<u>Barbati</u>), Civil No. 00-1-0032. This case was in the Circuit Court of the Third Circuit before the Honorable Greg Nakamura.  To distinguish between <u>Barbati</u> and the instant malpractice case, we will refer to the court in the <u>Barbati</u> case as the "trial court."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Tara's points of error as follows:

(1)  The circuit court did not err in granting Kidani's MSJ, Omerod v. Heirs of Kaheananui, 116 Hawaiʻi 239, 254-55, 172 P.3d 983, 998-99 (2007), and the findings in the Order Granting Kidani's MSJ that Tara contests are not clearly erroneous. Bhakta v. County of Maui, 109 Hawaiʻi 198, 208, 124 P.3d 943, 953 (2005).

(a)  In Barbati, Tara asserted that real estate agent Ricardo Barbati, aka Rick Barbati, (Barbati) represented her in the purchase of real property located in Hilo, Hawaiʻi. Kidani represented Tara in the Barbati case.  Prior to trial, Kidani sought to introduce particular forms of evidence showing a fiduciary relationship between Barbati and Tara, but was prohibited from doing so by the trial court.  Regardless of whether the trial court did not actually preclude Kidani from asserting a fiduciary relationship, Kidani determined that based on the trial court's preclusion of the evidence and other concerns, a fiduciary fraud claim would fail.  In devising his trial strategy, Kidani exercised "such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake."  Blair v. Ing, 95 Hawaiʻi 247, 259, 21 P.3d 452, 464 (2001).

(b)  In her memorandum in opposition to Kidani's MSJ, Tara failed to demonstrate the fourth element of fraud, i.e., reliance.  Shoppe v. Gucci Am., Inc., 94 Hawaiʻi 368, 386, 14 P.3d 1049, 1067 (2000).  It was undisputed below and is undisputed on appeal that Tara did not pay Kidani the $10,338.63 in costs.  For this reason, the circuit court also did not improperly grant Kidani's MSJ with regard to Tara's punitive damages claim.

(2)   Tara did not argue below that Kidani's Fees/Costs Motion was null because Kidani filed it before a judgment was issued, and she has therefore waived the argument.  Nevertheless, Hawai'i Rules of Civil Procedure (HRCP) Rule 54(d) does not state that a motion for attorneys' fees and costs must be filed after judgment is entered.  HRCP Rule 54(d).

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on November 3, 2008 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, August 26, 2010.

On the briefs:

Charles J. Ferrera
for Plaintiff-Appellant.

Calvin E. Young
Diane W. Wong
(Ayabe Chong Nishimoto Sia
  & Nakamura)
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

4